# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARIA DE LOS ANGELES MATA,** as the Administrator for the Estate of **CLAUDIO MANCILLA, Deceased;** | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) **CIVIL ACTION NO.** |
| **ALLUPICK, INC., et al.,** | ) **CASE NO.: 4-21-CV-00865-ACA** ) ) |
| **Defendants.** | ) ) ) ) |

## MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Jear Logistics LLC ("Jear"), a defendant herein, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure Rule 12(c), for an order granting judgment on the pleadings against Plaintiff Maria De Los Angeles Mata ("Plaintiff"). In support of this Motion, Jear states as follows:

## INTRODUCTION

This lawsuit stems from a motor vehicle accident that resulted in the death of Claudio Mancilla. Plaintiff seeks to recover damages from the motor carrier, the driver of the vehicle, a truck repair service, as well as Jear, the freight broker, who

arranged for the motor carrier to haul the cargo it was hauling at the time of the accident.

The claim against Jear is based on the theory of negligent hiring and alleges that ALLUPICK, the motor carrier selected by Jear, had a history of disregard for safety, and Jear knew or should have known of this when it brokered the load. This claim, however, must be dismissed because it is expressly preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c)(1). The claim seeks relief under a state common law that if enforced would have an effect on the prices, routes, and services of freight brokers covered by the FAAAA, and directly relates to and has a significant economic impact on the core service performed by a freight broker – selecting motor carriers to transport shipments. Therefore, the claim asserted against Jear in the Second Amended Complaint is preempted and should be dismissed with prejudice pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

1. Jear is in the business of freight brokering. (Doc. 9, ¶ 15).

2. ALLUPICK is a motor carrier and entered into a contract with Jear to transport freight. (Doc. 9, ¶ 16).

3. ALLUPICK hired and employed Tariku Samson ("Samson"), and Samson was acting in the line and scope of employment with ALLUPICK at the time of the accident. (Doc. 9, ¶ 3).

4. On April 10, 2021, Samson was operating a tractor-trailer owned by ALLUPICK in St. Clair County, Alabama. (Doc. 9, ¶ 10).

5. While operating the tractor-trailer on Interstate 20 between Kelly Creek Road and Cook Springs Road, Samson struck Claudio Mancilla's vehicle from behind. (Doc. 9, ¶ 10).

6. The impact caused Claudio Mancilla's vehicle to collide with the tractor-trailer in front of him and Claudio Mancilla died as a result of the injuries he suffered in the collision. (Doc. 9, ¶¶ 10-11).

7. As the basis for the negligent hiring claim asserted against Jear, Plaintiff alleges that the ALLUPICK had an allegedly demonstrated disregard for safety. (Doc. 9, ¶ 17).

8. Plaintiff alleges that Jear knew, or should have known, about ALLUPICK's demonstrated disregard of safety and Jear was negligent in allowing the cargo to be transported by an "unsafe trucking company." (Doc. 9, ¶ 39).

9. Plaintiff further alleges that this negligence was the proximate cause of Claudio Mancilla's death. (Doc. 9, ¶ 41).

## LEGAL STANDARD

It is well established in the Eleventh Circuit that "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office for Escambia County,* 592 F.3d 1237, 1255 (11th Cir. 2010). When considering a Rule 12(c) motion for judgment on the pleadings, the Court "must accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.*

## ARGUMENT

The Constitution bestows Congress with the power to enact legislation that limits or supersedes state law. U.S. Constitution, Article VI; *Arizona v. United States*, 567 U.S. 387, 398-99 (2012). In 1994, Congress exercised these preemptive powers by enacting the FAAAA, which states, in relevant part that:

> [A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any private motor carrier, broker or *freight forwarder* with respect to the transportation of property.

49 U.S.C. §14501(c)(1) (emphasis supplied). The FAAAA, which heavily draws upon the language of the earlier enacted Airline Deregulation Act ("ADA"), was enacted in an effort to avoid "a State's direct substitution of its own governmental

commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide." *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 368, 372 (2008).

Title 49 defines transportation, "as 'services related to th[e] movement' of property, 'including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.'" *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S 251, 261 (2013) (quoting 49 U.S.C. § 13102(23)(B)). "While the services of a freight broker do not include the actual transportation of property, they are focused on arranging how others will transport the property; the services, therefore, fall within the scope of FAAAA preemption." *Georgia Nut Co. v. C.H. Robinson Co.*, 2017 WL 4864857, at *3 (N.D. Ill. Oct. 26, 2017) (citing *Midwest Trading Grp., Inc. v. GlobalTranz Enters.,* 2015 WL 1043554, at *3 (N.D. Ill. Mar. 5, 2015)). Therefore, preemption under the FAAAA extends to the enforcement of state actions and laws that are "related to a price, route, or service of any 'broker' with respect to the transportation of property." *Ga. Nut*, 2017 2017 WL 4864857, at *2 (quoting *Dan's City,* 569 U.S. at 260 (2013)).

The Supreme Court, in *Rowe,* interpreting the identical portions of the FAAAA and the ADA in the same manner, held that preemption under the FAAAA must be read broadly, explaining:

> (1) that "[s]tate enforcement actions *having a connection with, or reference to,*" carrier "'rates, routes, or services' are pre-empted,"; (2) that such pre-emption may occur even if a state law's effect on rates, routes, or services "is only indirect,"; (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation; and (4) that pre-emption occurs at least where state laws have a "significant impact" related to Congress' deregulatory and pre-emption-related objectives.

*Rowe,* 552 U.S. at 370-71 (quoting *Morales,* 504 U.S. at 384, 386-87, 391) (internal citation omitted).

Two requirements must be met for FAAAA preemption. First, a state must have enacted or attempted to enforce a law, and second, that law must relate to a broker's rates, routes, or services by either expressly referring to them or having a significant economic effect on them. *Nationwide Freight Sys., Inc. v. Illinois Commerce Comm'n,* 784 F.3d 367, 373-74 (7th Cir. 2015). State common law negligence claims clearly satisfy the first requirement for FAAAA preemption. *See American Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n.8 (1995). See also *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 502–03 (1996) (plurality opinion), *id*. at 503–05, 116 S.Ct. 2240 (Breyer, J., concurring), *id*., at 509–12, 116 S.Ct. 2240 (O'Connor, J., concurring in part and dissenting in part) (characterizing tort remedies as regulatory provisions for purposes of preemption clauses in another statute). Regarding the second requirement, FAAAA preemption is broad and includes "laws and actions having some type of connection with or reference to a

[broker's] rates, routes, or services, whether direct or indirect." *Nationwide,* 784 F.3d at 373-374 (quoting *Travel,* 73 F.3d at 737-74)). As used in the FAAAA, "[the] term 'services' is . . . broad, encompassing 'all elements of the [motor carrier] service bargain.'" *Midwest Trading Grp., Inc.*, 2015 WL 1043554, at *3 (N.D. Ill. Mar. 5, 2015*).*

The Eleventh Circuit has not ruled directly on the issue of whether negligence claims against freight brokers are preempted by the FAAAA. However, district courts have considered the issue and many have held that negligence claims asserted against freight brokers, like Jear, are expressly preempted by the FAAAA, because such claims directly relate to the core service provided by freight brokers - hiring motor carriers to transport property - and would have a substantial economic impact on the broker's rates and services. *Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808, 814 (N.D. Ohio 2018), *Midwest Trading*, 2015 WL 1043554, at *3; *Georgia Nut,* 2017 WL 4864857, at *3, *Volkova v. C.H. Robinson Co.,* 2018 WL 741441, at *4 (N.D. Ill. Feb. 7, 2018); *but c.f. Hentz v. Kimball Transportation, Inc.*, 2018 WL 5961732, at *5 (M.D. Fla.2018).

While there is a recognized divide among district courts regarding this issue, this is an issue of first impression in this Court, and Jear urges this Court to adopt the interpretation of the following courts in holding that negligent hiring and selection claims are expressly preempted by the FAAAA.

In *Midwest Trading Group, Inc. v. GlobalTranz Enterprises, Inc.,* the court held that the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501(c)(1) (the "ICCTA") which regulates motor carriers, freight forwarders and freight brokers and contains a preemption provision that is in all relevant parts identical to that in the FAAAA, preempted a negligence claim against the defendant freight broker. The court reasoned that the "ICCTA provides, in relevant part, that 'a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of the law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.'" 49 U.S.C. § 14501(c)(1). This preemption provision is part of a broader deregulatory effort by Congress that covers both air and motor transportation. Accordingly, "'the Supreme Court has generally taken the position that the statutes deregulating the airline industry and those deregulating the trucking industry should be construed consistently with one another.'" *Midwest Trading Group, Inc.,* 59 F. Supp. 3d 887, 894 (N.D. Ill. 2014) (quoting *S.C. Johnson & Son, Inc. v. Transp. Corp. of Am., Inc.,* 697 F.3d 544, 548 (7th Cir. 2012)). Applying this preemption analysis, the court concluded that "brokering cargo clearly concerns the transportation of property." *Id.* at 897. Moreover, the court noted, the alleged negligence claim against the defendant sought "to impose liability on [the broker] for the manner in which it carried out its

contracted-for-services" and therefore, would necessarily impact those services. *Id.* Therefore, the court held that the negligence claim was preempted.

In *Georgia Nut,* the plaintiff alleged that the defendant freight broker negligently hired and failed to supervise the motor carrier, which resulted in cargo damage. *Georgia Nut,* 2017 WL 4864857, at *1. In evaluating the merits of the defendant's FAAAA preemption defense, the court observed that "[c]entral to [Defendant's] efforts to perform its services as a broker was the hiring of [the carrier] to transport the [shipment]." *Id* at 3. Moreover, the "alleged negligence in performing this duty" formed the basis of the plaintiff's claims. *Id*. The court concluded that while "[c]ommon law negligent hiring and negligent supervision claims do not expressly reference freight broker services, they do have a significant economic impact on those services." *Id*. The court explained that "[t]he purpose of the FAAAA preemption was to free interstate shipping from a patchwork of state laws and regulations," and that "(e)nforcing state negligence laws would have a direct and substantial impact on the way in which brokers hire and oversee transportation companies," thus frustrating the objective of the FAAAA. *Id.* Accordingly, the Court held that the negligence claims were preempted by the FAAAA.

In *Volkova v. C.H. Robinson,* a case very similar to the case at hand, the court held that the FAAAA preempted a negligent hiring claim against a freight

broker in a wrongful death lawsuit. The plaintiff alleged the defendant freight broker failed to review carrier safety information before hiring a motor carrier, failed to request that motor carriers provide safety reports or data, or require motor carriers to provide information confirming that their drivers were competent and capable of safely transporting shipments. *Volkova,* 2018 WL 741441, at *3 (N.D. Ill. Feb. 7, 2018). The court explained, "a straightforward reading of Plaintiff's allegations demonstrates that the negligent hiring claims relate to the core service provided by [defendant] – hiring motor carriers to transport shipments." *Id* at 4*. "Further," the Court reasoned, "in alleging that [defendant] has failed to adequately and properly perform its primary service, the negligent hiring claim directly implicates how [defendant] performs its central function of hiring motor carriers, which involves the transportation of property." *Id.* at *9. As the enforcement of the claim would have a significant economic impact on the services provided by the defendant, the Court concluded that the FAAAA preempted the claim. *Id.*

The court in *Volkova* also rejected the argument that negligence claims are exempted from FAAAA preemption under the safety regulatory exception. The court recognized that other Federal District courts had ruled otherwise, but explained that those courts did "not faithfully apply the preemption analysis established by the Supreme Court." *Id.* at 4. The exception provides that FAAAA preemption:

> Shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on size or weight of motor vehicle or hazardous nature of cargo, or the authority of a State to regulate motor carriers with regard to the amounts of financial responsibility relating to insurance requirements for self-insurance authorization.

49 U.S.C § 14501(c)(2)(A). However, the *Volkova* court found "no convincing authority supporting the proposition that a state common law claim for negligent hiring [against *a broker]* constitutes a safety regulation of *a motor vehicle.*" *Id.* at 4 (emphasis added). Finally, while the *Volkova* court "recognized the devastation caused by the accident," and "sympathized with plaintiffs," such considerations could not allow the court to "ignore the straightforward preemption analysis laid out by the Supreme Court." *Id.* The court concluded that federal law creates no exception for FAAAA preemption of negligence claims against brokers.

In *Creagan v. Wal-Mart Transportation, Inc.*, 354 F. Supp. 3d 808, 813-814 (N.D. Ohio 2018), the court also held that a negligent hiring claim against a broker was preempted by the FAAAA and was not excepted under the safety regulatory exception. The court stated:

> Regardless of whether the broker's alleged negligence in its choice of motor carrier results in property damage or personal injury, the service remains the same. As such, Plaintiffs' allegation that all personal injury suits are exempt from FAAAA preemption is without merit. Furthermore, because the negligent hiring claim seeks to enforce a duty of care related to how Kirsch (the broker)

> arranged for a motor carrier to transport the shipment (service), the claim falls squarely within the preemption of the FAAAA.

*Id.* at 813; *see also Krauss v. IRIS USA, Inc.*, No. CV 17-778, 2018 WL 2063839, at *6 (E.D. Pa. May 3, 2018) (noting that "any attempt to distinguish between claims for damage to [cargo] and claims for injuries to [the plaintiff] are not tenable. Both claims arise from, and target the same core 'service' of [the broker]: selecting a carrier" and, therefore, are both preempted by the FAAAA). The court then rejected the assertion that the safety regulatory exception saves personal injury claims against a freight broker, stating that "because the negligent hiring claim seeks to impose a duty on the service of the broker rather than regulate motor vehicles, I conclude that this claim is not within the safety regulatory authority of the state and the exception does not apply." *Id*. As additional support for its preemption finding, the court noted that 49 U.S.C. § 13906(a)(1) mandates that motor carriers must maintain liability insurance in an amount "sufficient to pay . . . for each final judgment against the registrant for bodily injury to, or death of, an individual resulting from the negligent operation, maintenance, or use of motor vehicles, or for loss or damage to property . . ., or both." Noting that "the FAAAA does not impose the same requirements on brokers," the court concluded that "[n]ot only does this affirmatively establish that a motor carrier may be liable for these types of negligence actions, but the omission of the same language with

respect to brokers evinces Congressional intent that brokers not be liable for this conduct." *Id*. at 814.

In *Loyd v. Salazar*, 416 F. Supp. 3d 1290, 1292 (W.D. Okla. 2019), presenting another claim similar to the instant action, the plaintiff sought damages for personal injuries suffered in a motor vehicle accident. The plaintiff claimed that the broker selected an unsafe motor carrier to transport property, and that prior to the broker contracting with the motor carrier to transport freight, the Department of Transportation had assigned the motor carrier a conditional rating due to serious violations, including hours of service violations, and that the broker should have known that the motor carrier was unsafe. The broker argued the negligence claims against it were preempted by the FAAAA. *Id.* at *1-2. In analyzing the preemption argument, the court noted that "Congress' use of the words "related to" a price, route, or service expresses a broad preemptive purpose" and embraces state laws 'having a connection with or reference to' carrier [or broker] 'rates, routes, or services,' whether directly or indirectly." *Id*. at *8-9 (citing *Dan's City Used Cars*, 569 U.S. at 260 (quoting Rowe, 552 U.S. at 370 (internal quotation omitted)). The court then reviewed decisions from other district courts and stated:

> With few exceptions, the conclusions reached by district courts conducting an express preemption analysis are that the "services" of a freight broker involve arranging for a motor carrier to transport property and that a state-law negligent brokering claim is directly "related to" the

>broker's performance of this service with respect to the transportation of property.

*Id.* at *12. The court then held that negligent hiring claims against freight brokers directly relate to the services the broker provides in the transportation of property, and thus are expressly preempted by the FAAAA. *Id.* at *14. Then, in evaluating the merits of the plaintiff's argument that the claim fell under the safety regulatory exception, the court reasoned that applying the safety exception to include a negligence claim based on the allegation that a broker overlooked a motor carrier's "conditional" rating and selected an unsafe motor carrier was an unwarranted extension of the exception for safety regulation. *Id.*

Plaintiff's Second Amended Complaint alleges that Jear negligently selected an unsafe trucking company to transport the freight. Plaintiff alleges that Jear knew, or should have known, that ALLUPICK was an unsafe carrier with a demonstrated disregard for the safety of the traveling public. Plaintiff's negligent hiring claim against Jear is based entirely upon the core services provided by Jear as a broker. To allow state by state common law negligence standards to be applied to an interstate property broker's core regulated undertaking – selecting motor carriers already licensed and approved by the Federal Motor Carrier Safety Administration to transport shipments – clearly places a direct, substantial and adverse impact on the manner in which brokers are to perform that function. Like the court noted in *Volkova,* "in alleging that [the broker] has failed to adequately

and properly perform its primary service, the negligent hiring claim directly implicates how [the broker] performs its central function of hiring motor carriers" and "because the enforcement of the claim would have a significant economic impact on the services [the broker] provides, it is preempted." *Volkova,* 2018 WL 741441, at *4. It follows that the negligent hiring claim against Jear would directly implicate how Jear performs its central function of hiring motor carriers and thus would have a significant economic impact on the services it provides. Therefore, Plaintiff's claim is expressly preempted by the FAAAA.

## CONCLUSION

WHEREFORE, the premises considered, Jear Logistics LLC submits to the Court that it is entitled to judgment as a matter of law on Plaintiff Maria De Los Angeles Mata's claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Accordingly, Jear Logistics LLC respectfully moves this Honorable Court for entry of an Order dismissing Plaintiff Maria De Los Mata's claim against Jear.

Respectfully submitted,

/s/ Thomas S. Rue
Thomas S. Rue (ASB-8241-e67t)
Evan P. Moltz (ASB-5001-v70m)
Jacki Diard (ASB-1772-o80j)

Attorneys for Defendant Jear Logistics LLC

OF COUNSEL:

Thomas S. Rue
Jacki Diard
MAYNARD, COOPER & GALE, P.C.
11 North Water Street
Mobile, AL 36602
Telephone: 251.432.0001
Fax: 251.432.0007
Email: true@maynardcooper.com
      jcombs@maynardcooper.com

Evan P. Moltz
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35213
Telephone: 205.254.1000
Fax: 205.254.1999
Email: emoltz@maynardcooper.com

## **CERTIFICATE OF SERVICE**

     I do hereby certify that I have on this 30th day of September 2021 filed the foregoing pleading with the Court via the CM/ECF Filing System which will automatically forward an electronic copy of same to all counsel of record.

                                   /s/ Thomas S. Rue
                                   OF COUNSEL