IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARIA DE LOS ANGELES MATA, as the Administrator for the Estate of CLAUDIO MANCILLA, Deceased | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 4:21-CV-00865-ACA |
| ALLUPICK, INC., et al. | ) ) ) ) | |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT

COMES NOW the Plaintiff, MARIA DE LOS ANGELES MATA, as the Administrator for the Estate of CLAUDIO MANCILLA, Deceased, who respectfully files this Third Amended Complaint adding HOUSE OF RAEFORD FARMS, INC. as a party defendant.

## PARTIES

1.      Plaintiff MARIA DE LOS ANGELES MATA is the duly appointed administrator for the Estate of CLAUDIO MANCILLA, deceased. MARIA DE LOS ANGELES MATA is an individual over the age of nineteen (19), and is the surviving sister of Decedent CLAUDIO MANCILLA. Decedent CLAUDIO MANCILLA was resident and citizen of Moody, St. Clair County, Alabama at the time of his wrongful death.

2.     Defendant ALLUPICK, INC. ("ALLUPICK") is a Texas corporation with its principal place of business in Texas. ALLUPICK was the employer of Defendant TARIKU SAMSON, and ALLUPICK was the owner of the 2014 Freightliner T.T. that TARIKU SAMSON was operating at the time of the crash.

3.     Defendant TARIKU SAMSON is an individual over the age of nineteen (19) who is a resident and citizen of Arizona. At all times material hereto, TARIKU SAMSON was operating a 2014 Freightliner T.T. owned by Defendant ALLUPICK and/or one or more fictitious party defendants in the line and scope of TARIKU SAMSON's employment by ALLUPICK and/or fictitious party defendants.

4.     Defendant ABEBE BARAKI is an individual over the age of nineteen (19) who is a resident and citizen of Texas. ABEBE BARAKI was the owner of the 2008 Wabash National Corp van trailer that was being transported by TARIKU SAMSON, ALLUPICK and/or one or more fictitious party defendants at the time of the subject crash.

5.     Defendant JEAR LOGISTICS, LLC ("JEAR LOGISTICS") is a South Carolina limited liability company with its principal place of business in South Carolina. JEAR LOGISTICS has one member – Mark W. Neumeyer – who is a resident and citizen of South Carolina. At all times material hereto, JEAR LOGISTICS was the broker for the load of chicken being transported by Defendant ALLUPICK at the time of the crash.

6.     Defendant J&R DALLAS TRUCK REPAIR SERVICE, LLC ("J&R") is a

2

Texas limited liability company with its principal place of business in Texas. J&R has five members – Raul Lara, Jose Hernandez, Manuel Delgado, Pedro Hernandez, and Jesus Reyna – all of whom are resident and citizens of Texas. J&R negligently, wantonly and wrongfully performed a replacement of both brake chambers and a brake adjustment on the tractor three days prior to the crash.

7.      Defendant HOUSE OF RAEFORD FARMS, INC. ("HOUSE OF RAEFORD FARMS") is a North Carolina corporation with its principal place of business in North Carolina. HOUSE OF RAEFORD FARMS negligently, wantonly and wrongfully overloaded the trailer and failed to secure the containers of chicken.

## JURISDICTION & VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants, and because the amount in controversy greatly exceeds $75,000.00 exclusive of interest and costs.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

10.      Plaintiff incorporates by reference and realleges each and every preceding allegation as fully set out herein.

11.      On or about April 10, 2021, upon a public highway, to-wit: I-20 between

Kelly Creek Road and Cook Springs Road in St. Clair County Alabama, Decedent CLAUDIO MANCILLA was operating his 2006 Chevy Truck when it was suddenly and violently struck from behind by a 2014 Freightliner T.T. tractor operated by the Defendant TARIKU SAMSON and owned by Defendant ALLUPICK. Said tractor was pulling the 2008 Wabash National Corp van trailer which was owned by Defendant ABEBE BARAKI.

12.     The force of the impact from behind by Defendants' tractor-tractor propelled Decedent CLAUDIO MANCILLA's truck forward and into the rear of another tractor-trailer, which resulted in the wrongful death of Decedent CLAUDIO MANCILLA.

13.     At all times relevant to Plaintiff claims Defendant TARIKU SAMSON was the agent, servant and employee of, and acting within the line and scope of his employment with the Defendant ALLUPICK and/or fictitious party defendants.

14.     Defendant ALLUPICK and/or fictitious party defendants, by and through their agent Defendant, TARIKU SAMSON, negligently and/or wantonly operated the subject-tractor-trailer truck causing Decedent CLAUDIO MANCILLA's wrongful death.

15.     Defendant ABEBE BARAKI and/or fictitious party defendants failed to safely and properly maintain the 2008 Wabash National Corp van trailer, including the brakes, that was being transported by TARIKU SAMSON, ALLUPICK and/or one or more fictitious party defendants, thereby negligently and/or wantonly causing Decedent

4

CLAUDIO MANCILLA's wrongful death.

16.     Defendant HOUSE OF RAEFORD FARMS and/or fictitious party defendants failed to safely and properly secure the load of chicken in the 2008 Wabash National Corp van trailer that was being transported by TARIKU SAMSON, ALLUPICK and/or one or more fictitious party defendants, thereby negligently and/or wantonly causing Decedent CLAUDIO MANCILLA's wrongful death.

17.     Upon information and belief, Defendant JEAR LOGISTICS is in the business of brokering loads of property by connecting shippers and receivers of property to motor carriers who transport the loads.

18.     On or before April 10, 2021, Defendant JEAR LOGISTICS and/or fictitious party defendants acted as the broker for the load of chicken that Defendants ALLUPICK and TARIKU SAMSON were hauling at the time of said crash.

19.     Defendant JEAR LOGISTICS and/or fictitious party defendants negligently/wantonly breached its duty of care by hiring and/or contracting with Defendant ALLUPICK to transport said load when Defendant ALLUPICK had a demonstrated disregard for safety.

20.     Upon information and belief, Defendant J&R is in the business of inspecting, maintaining, and repairing 18-wheeler tractors and trailers.

21.     On or before April 10, 2021, Defendant J&R and/or fictitious party defendants performed maintenance and repair work on Defendant ALLUPICK's 2014

Freightliner T.T. tractor.

22.    Defendant J&R and/or fictitious party defendants negligently/wantonly failed to safely and properly inspect, maintain and repair Defendant ALLUPICK's 2014 Freightliner T.T. tractor, specifically including the brake chambers and related brake systems, and ensuring that it was in proper condition and safe for normal use before releasing said tractor to be operated on the road with the traveling public.

## COUNT I
## Negligence/Wantonness Against ALLUPICK

23.    Plaintiff incorporates by reference and realleges each and every preceding allegation as fully set out herein.

24.    Defendant ALLUPICK and/or fictitious party defendants had a duty to supervise the hiring and training of their agent, Defendant TARIKU SAMSON. Defendant ALLUPICK and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

25.    Defendant ALLUPICK and/or fictitious party defendants had a duty to supervise the actions of their agent Defendant TARIKU SAMSON and to ensure that he was operating the subject tractor-trailer at all times relevant to Plaintiff's claims in accordance with all applicable laws, standards, regulations and rules of any type and Defendant ALLUPICK and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

26.     Defendant ALLUPICK and/or fictitious party defendants had a duty to evaluate and determine the physical, medical and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including the Defendant TARIKU SAMSON, and Defendant ALLUPICK and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

27.     Defendant ALLUPICK and/or fictitious party defendants had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including Defendant TARIKU SAMSON, prior to hiring said driver, and Defendant ALLUPICK and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

28.     At the aforesaid time and place, and for some time prior thereto, the Defendant ALLUPICK and/or fictitious party defendants negligently and/or wantonly maintained their equipment on said vehicle. Said negligence and/or wantonness was a proximate cause of Decedent CLAUDIO MANCILLA's wrongful death as set forth herein.

29.     As a proximate consequence of the aforementioned wrongful, negligent and/or wanton conduct of the Defendants ALLUPICK and/or fictitious party defendants, Decedent CLAUDIO MANCILLA was caused to suffer wrongful death.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party Defendants, and request that the jury

selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, attorneys' fees, and the costs of the proceeding. The Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

## COUNT II
### Negligence/Wantonness Against TARIKU SAMSON

30.     Plaintiff incorporates by reference and realleges each and every preceding allegation as fully set out herein.

31.     On or about April 10, 2021, upon a public highway, to-wit: I-20 between Kelly Creek Road and Cook Springs Road in St. Clair County Alabama, Decedent CLAUDIO MANCILLA was operating his 2006 Chevy Truck when it was suddenly and violently struck from behind by a tractor-trailer operated by the Defendant TARIKU SAMSON and owned by Defendant ALLUPICK.

32.     Defendant TARIKU SAMSON negligently and/or wantonly caused or allowed his tractor-trailer truck to collide with the rear of Decedent CLAUDIO MANCILLA's 2006 Chevy Truck.  Said negligent and/or wanton conduct was the proximate cause Decedent CLAUDIO MANCILLA's wrongful death.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party Defendants, and request that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, attorneys' fees, and the costs of the proceeding. The Plaintiff further request that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

## COUNT III
### Negligence/Wantonness Against ABEBE BARAKI

33.     Plaintiff incorporates by reference and realleges each and every preceding allegation as fully set out herein.

34.     Defendant ABEBE BARAKI and/or fictitious party defendants had a duty to inspect and ensure that materials or equipment were safely and securely loaded and stored in its 2008 Wabash National Corp van trailer. Defendant ABEBE BARAKI and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

35.     Defendant ABEBE BARAKI and/or fictitious party defendants had a duty to inspect, maintain, and repair their 2008 Wabash National Corp van trailer, including the brakes, to ensure that it was kept in proper condition and safe for normal use.

Defendant ABEBE BARAKI and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

36.     On or about April 10, 2021, and for some time prior thereto, Defendant ABEBE BARAKI and/or fictitious party defendants negligently and/or wantonly failed to maintain the 2008 Wabash National Corp van trailer, including the brakes. Said negligence and/or wantonness was a proximate cause of Decedent CLAUDIO MANCILLA's wrongful death as set forth herein.

37.     As a proximate consequence of the aforementioned wrongful, negligent and/or wanton conduct of the Defendant ABEBE BARAKI and/or fictitious party defendants, Decedent CLAUDIO MANCILLA was caused to suffer wrongful death.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party Defendants, and request that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, attorneys' fees, and the costs of the proceeding. The Plaintiff further request that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

**COUNT IV**

**Negligence/Wantonness Against JEAR LOGISTICS**

38.    Plaintiff incorporates by reference and realleges each and every preceding allegation as fully set out herein.

39.    As a broker of a load to be transported in interstate commerce, Defendant JEAR LOGISTICS and/or fictitious party defendants had a duty to exercise ordinary care in selecting a motor carrier.

40.    Defendant JEAR LOGISTICS' duty of ordinary care included selecting a motor carrier that is adequately safe and compliant with the Federal Motor Carrier Safety Regulations and safe industry standards and practices.

41.    Defendant JEAR LOGISTICS intentionally, willfully, recklessly or negligently breached its duty of care by one or more of the following acts or omissions:

    a.  Knowingly selecting ALLUPICK or, alternatively, choosing not to perform any research into the company it selected to carry goods to ensure that the company was a safe operator and employed safe drivers; and

    b.  Permitting the shipment to be carried by an unsafe trucking company, ALLUPICK, that had a demonstrated disregard for the safety of the traveling public.

42.    As a result of Defendant JEAR LOGISTICS' decisions to broker the load of chicken to a company that did not have a demonstrated record of safety and regulatory compliance and to allow the load to be shipped by an unsafe motor carrier, the load was

placed in the hands of an unsafe driver, whose tractor collided with CLAUDIO

MANCILLA's vehicle, resulting in the death of CLAUDIO MANCILLA.

43.     As a proximate consequence of the aforementioned wrongful, negligent

and/or wanton conduct of the Defendant JEAR LOGISTICS and/or fictitious party

defendants, Decedent CLAUDIO MANCILLA was caused to suffer wrongful death.

WHEREFORE, the Plaintiff demands judgment against the Defendants,

separately and severally, including fictitious party Defendants, and request that the jury

selected to hear this case render a verdict for the Plaintiff and against each Defendant

in a sum in excess of the jurisdictional limits of this Court, which will fairly and

adequately compensate the Plaintiff for the above-described damages, together with

interest from the date of the incident, attorneys' fees, and the costs of the proceeding.

The Plaintiff further request that the jury award punitive damages to Plaintiff in an

amount which is adequate to reflect the enormity of the Defendants' wrongful acts and

which will deter and/or prevent other similar or wrongful acts.

## COUNT V
### Negligence/Wantonness Against J&R

44.     Plaintiff incorporates by reference and realleges each and every preceding

allegation as fully set out herein.

45.     As a mechanic responsible for servicing 18-wheeler tractors and trailers,

Defendant J&R and/or fictitious party defendants had a duty to inspect, maintain, and

repair Defendant ALLUPICK's 2014 Freightliner T.T. tractor, specifically including the

brake chambers and related brake systems, and ensuring that it was in proper condition and safe for normal use before releasing said tractor to be operated on the road with the traveling public.

46.    On or before April 10, 2021, Defendant J&R and/or fictitious party defendants negligently and/or wantonly failed to maintain Defendant ALLUPICK's 2014 Freightliner T.T. tractor, specifically including the brake chambers and related brake systems. Said negligence and/or wantonness was a proximate cause of Decedent CLAUDIO MANCILLA's wrongful death as set forth herein.

47.    As a proximate consequence of the aforementioned wrongful, negligent and/or wanton conduct of the Defendant J&R and/or fictitious party defendants, Decedent CLAUDIO MANCILLA was caused to suffer wrongful death.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party Defendants, and request that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, attorneys' fees, and the costs of the proceeding. The Plaintiff further request that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

## COUNT VI
### Negligence/Wantonness Against HOUSE OF RAEFORD FARMS

48.     Plaintiff incorporates by reference and realleges each and every preceding allegation as fully set out herein.

49.     As the entity responsible for loading and securing the chicken containers, Defendant HOUSE OF RAEFORD FARMS and/or fictitious party defendants had a to inspect and ensure that cargo, materials and/or equipment were safely and securely loaded and stored in the 2008 Wabash National Corp van trailer, and that it did not load chicken in excess of the weight agreed to in the bill of lading. Defendant HOUSE OF RAEFORD FARMS and/or fictitious party defendants negligently and/or wantonly failed to discharge said duty.

50.     As a proximate consequence of the aforementioned wrongful, negligent and/or wanton conduct of the Defendant HOUSE OF RAEFORD FARMS and/or fictitious party defendants, Decedent CLAUDIO MANCILLA was caused to suffer wrongful death.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party Defendants, and request that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, attorneys' fees, and the costs of the proceeding.

The Plaintiff further request that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

/s/ Robert P. Bruner
**ROBERT P. BRUNER (BRU-029)**
**DAVID L. BRUCE (BRU-038)**
Attorneys for Plaintiff

OF COUNSEL:
**BELT & BRUNER, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone: (205) 933-1500
robertb@beltlawfirm.com
davidb@beltlawfirm.com

/s/ Freddy Rubio
**FREDDY RUBIO (RUB-005)**
**LESLIE A. WRIGHT (WRI-063)**
**JAMES SEARS (SEA-036)**
Attorney for Plaintiff

OF COUNSEL:
**RUBIO LAW FIRM, P.C.**
438 Carr Avenue, Suite 1
Birmingham, AL 35209
Phone: (205) 443-7858
frubio@rubiofirm.com
lwright@rubiofirm.com

## JURY DEMAND

Plaintiff hereby requests that this case be tried in front of a stricken jury.


/s/ Robert P. Bruner
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing by U. S. Mail, properly addressed and first-class postage prepaid or by electronically filing the foregoing with the Clerk of the Court using the electronic filing system, upon the attorneys of record and pro se parties in this case on this the 6th day of April 2022.

**Counsel for Allupick & Tariku Samson:**
James C. Gray III
Jeffery Speegle
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213

**Counsel for Abebe Baraki:**
Ralph J. Bolen
P.O. Box 201
Chelsea, AL 35043

**Counsel for Jear Logistics:**
Thomas S. Rue
Maynard Cooper & Gale, PC
11 North Water Street, Suite 24290
Mobile, AL 36602

Evan P. Moltz
Maynard Cooper & Gale, P.C.
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203

**J&R DALLAS TRUCK REPAIR SERVICE, LLC**
c/o Manuel Delgado
915 Finn Rd., Ste 125
Wilmer, TX 75172-9604

**HOUSE OF RAEFORD FARMS, INC.**
c/o Henry W. Jones, Jr.
1951 Clark Avenue
Raleigh, NC  27605-1658

/s/ Robert P. Bruner
OF COUNSEL
